IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| LISA SCOTT BARNETT,        ) | |
|     Plaintiff,                         ) | |
|                                               ) | |
| v.                                           ) | CIVIL ACTION NO. 15-00628-N |
|                                               ) | |
| LEGACY HOSPITALITY, LLC,     ) | |
| PHILIP HARRIS, & JILL HARRIS, ) | |
|     Defendants.                       ) | |

**ORDER**

The Complaint in this action alleges claims under the federal Fair Labor Standards Act and a state law claim for unjust enrichment against the Defendants. (Doc. 1). The Defendants have filed a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) as to the unjust enrichment claim, arguing that it is preempted by the FLSA. (Docs. 7 – 8). In her timely filed response (Doc. 19) in opposition to the motion, Plaintiff Lisa Scott Barnett "maintains her opposition to Defendants' federal preemption argument and does not waive any arguments," but provides no substantive argument in opposition. Instead, Barnett requests leave either to amend her complaint or to voluntarily dismiss her unjust enrichment claim without prejudice.[1]

---

[1] Barnett asserts that the Rule 12(c) motion is premature because she may still seek to amend her complaint under Federal Rule of Civil Procedure 15; thus, she asserts, the pleadings are not "closed." However, prior to filing their motion, the Defendants filed their answer (Doc. 5) to the complaint, without asserting counter- or cross-claims; thus, the pleadings are deemed "closed" for purposes of Rule 12(c). *See Lillian B. ex rel. Brown v. Gwinnett Cty. Sch. Dist.*, No. 15-12159, 2015 WL 7295351, at *1 & n.1 (11th Cir. Nov. 19, 2015) (per curiam) (unpublished) ("By the plain language of Rule 12(c), a party may not move for judgment on the pleadings until '[a]fter the pleadings are closed.' The pleadings are closed only when a complaint and answer have been filed[,]… [a]t least where … neither

Federal Rule of Civil Procedure 41(a), governing the voluntary dismissal of "actions," does not permit Barnett to solely dismiss her unjust enrichment claim. "Rule 41 allows a plaintiff to dismiss all of his claims against a particular defendant; its text does not permit plaintiffs to pick and choose, dismissing only particular claims within an action. A plaintiff wishing to eliminate particular claims or issues from the action should amend the complaint under Rule 15(a) rather than dismiss under Rule 41(a)." *Klay v. United Healthgroup, Inc.*, 376 F.3d 1092, 1106 (11th Cir. 2004) (quotation omitted). *Accord Campbell v. Altec Indus., Inc.,* 605 F.3d 839, 841 n.1 (11th Cir. 2010) (per curiam). As such, her motion for voluntary dismissal of her unjust enrichment claim, embedded in her response (Doc. 19), is **DENIED**.

Barnett has also requested, in the alternative, that she be permitted to "amend her complaint to provide a more definite statement or withdraw her unjust enrichment claim."[2] (Doc. 19 at 2). Under S.D. Ala. CivLR 15(b), a "motion to amend a pleading must state specifically what changes are sought by the proposed amendments[, and t]he proposed amended pleading must be filed as an attachment

---

party counter- or cross-claims."). As such, the motion is not premature. *But see id*. at *3 ("The District hadn't filed an answer when it moved for judgment on the pleadings, so the pleadings weren't closed at that time. Because a party may not move for judgment on the pleadings until the pleadings are closed, the district court should have denied the District's Rule 12(c) motion as procedurally premature.").

[2] The Defendants filed and served their answer on January 15, 2016. (Doc. 5). Thus, Barnett could have amended her complaint once as a matter of course to drop her unjust enrichment claim or provide a more definite statement had she done so by February 5, 2016. *See* Fed. R. Civ. P. 15(a)(1)(B). Because she did not, she may now amend her complaint "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2).

to the motion to amend."³  Barnett's perfunctory request to amend hedges on the specific changes she seeks, and she has not attached a proposed amended complaint to her response.  Accordingly, Barnett's motion for leave to amend her complaint, embedded in her response (Doc. 19), is **DENIED**, without prejudice to her ability to request such relief in a separate motion that complies with CivLR 15(b).

The Court's submission order (Doc. 10) on the Defendants' Rule 12(c) motion remains in effect.

**DONE** and **ORDERED** this the 11th day of February 2016.

> */s/ Katherine P. Nelson*
> **KATHERINE P. NELSON**
> **UNITED STATES MAGISTRATE JUDGE**

---

³ Moreover, "[a]ny amendment to a pleading, whether filed as a matter of course or upon a motion to amend, must reproduce the entire pleading as amended and may not incorporate any prior pleading by reference."  S.D. Ala. CivLR 15(a).