IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| LISA SCOTT BARNETT, ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 15-00628-N |
| ) | |
| LEGACY HOSPITALITY, LLC, ) | |
| PHILIP HARRIS, & JILL HARRIS, ) | |
|     Defendants. ) | |

### ORDER

The Complaint in this action alleges claims under the federal Fair Labor Standards Act and a state law claim for unjust enrichment against the Defendants. (Doc. 1). The Defendants have filed a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) as to the unjust enrichment claim, arguing that it is preempted by the FLSA. (Docs. 7 – 8). In response, Plaintiff Lisa Scott Barnett has moved for leave to amend her complaint under Federal Rule of Civil Procedure 15(a)(2) to withdraw her claim for unjust enrichment. (Doc. 22). The Defendants object to Barnett's motion for leave to amend. (*See* Doc. 24). Though given the opportunity to do so (*see* Doc. 23), Barnett has not filed a reply to the response.

"Resolving a plaintiff's motion to amend is committed to the sound discretion of the district court, but that discretion is strictly circumscribed by Rule 15(a)(2) of the Federal Rules of Civil Procedure, which instructs that leave to amend should be freely given when justice so requires." *City of Miami v. Bank of Am. Corp.*, 800 F.3d 1262, 1286 (11th Cir. 2015) (quotations omitted). "In the absence of any apparent

or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.' " *Foman v. Davis*, 371 U.S. 178, 182 (1962). *Accord, e.g.*, *Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1340-41 (11th Cir. 2014).

As stated in its previous order (Doc. 23), the Court finds no reason to deny *sua sponte* Barnett's motion for leave to amend her complaint to withdraw her unjust enrichment claim. The Defendants object to the motion as follows:

> If the Court permits the requested amendment, and deems Defendants' pending motion moot, Plaintiff would not be precluded from refiling the unjust enrichment claim in a state court action. Such a filing would require Defendants to seek dismissal of the claim once again. Such a filing would expose Defendants to unnecessary expense as well as the possibility [sic] of inconsistent and parallel proceedings if the state court ruled against Defendants' pre-emption argument.

(Doc. 24 at 1).

The Court overrules the Defendants' objection, which is interpreted as asserting "undue prejudice … by virtue of allowance of the amendment." Barnett's attempt to avoid an adverse ruling on her unjust enrichment claim, standing alone, does not provide sufficient reason to deny Barnett leave to amend as she requests. *Cf. Pontenberg v. Boston Sci. Corp.*, 252 F.3d 1253, 1258 (11th Cir. 2001) (per curiam) ("the mere attempt to avoid an adverse summary judgment ruling in and of itself, particularly where there is no evidence of bad faith, does not constitute plain legal prejudice" sufficient to deny a plaintiff's motion to voluntarily dismiss an action

without prejudice under Federal Rule of Civil Procedure 41(a)(2)). Permitting Barnett to amend her complaint to withdraw her unjust enrichment claim will achieve the same result as granting the Defendants' motion for judgment on the pleadings (i.e. removal of the claim for this action), with the exception that allowing amendment would not be a judgment on the merits for the claim and would permit Barnett to re-file the claim later. At this stage, the Defendants and the Court can only speculate whether Barnet will attempt to do so; in the event she does, however, the Defendants can simply again move to dismiss the claim as a matter of law on the same basis, and using the same authority, presented in their pending Rule 12(c) motion. Thus, any additional expense in doing so would be minimal.[1]

---

[1] The Defendants' assertion that they would be exposed to the possibility "of inconsistent and parallel proceedings if [Barnett were to refile her unjust enrichment claim in state court and ]the state court ruled against Defendants' pre-emption argument" is meritless. The Court has not ruled on the merits of their Rule 12(c) motion, and this assertion presumes that the Court agrees with the Defendants' preemption argument. While the Defendants' brief in support of their motion cites abundant persuasive authority from federal district and circuit courts to support their claim of preemption (*see* Doc. 8), they have cited no binding authority compelling the result they seek. *See United States v. Cerceda*, 172 F.3d 806, 812 n.6 (11th Cir. 1999) (en banc) (per curiam) ("The opinion of a district court carries no precedential weight, even within the same district."). Allowing Barnett leave to withdraw her unjust enrichment claim would thus spare the Court from having to pass on (and risk further complicating) an unsettled issue of law in this Circuit, especially an issue as sensitive as federal preemption. *See Bond v. United States*, 134 S. Ct. 2077, 2088-89 (2014) ("It has long been settled … that we presume federal statutes do not … preempt state law … Closely related … is the well-established principle that it is incumbent upon the federal courts to be certain of Congress' intent before finding that federal law overrides the usual constitutional balance of federal and state powers." (quotations omitted)).

Moreover, state courts are just as competent as federal courts to decide issues of "ordinary preemption" (the kind of preemption the Defendants have asserted). *See Geddes v. Am. Airlines, Inc.*, 321 F.3d 1349, 1352-53 (11th Cir. 2003) ("Preemption is the power of federal law to displace state law substantively. The federal preemptive power may be complete, providing a basis for jurisdiction in the federal courts, or it may be what has been called 'ordinary preemption,' providing a substantive defense to a state law action on the basis of federal law … **[O]rdinary preemption may be invoked in both state and federal court as an affirmative defense to the allegations in a plaintiff's complaint.**

3

Accordingly, it is **ORDERED** that Barnett's motion for leave to amend her complaint under Rule 15(a)(2) (Doc. 22) is **GRANTED**.  Barnett must file the proposed amended complaint (Doc. 22-1) attached to the motion as her operative complaint in this action no later than **Wednesday, March 9, 2016**, after which the leave to amend granted in this Order expires.  Should Barnett do so, the Defendants' Rule 12(c) motion (Doc. 7) will be summarily deemed moot.

**DONE** and **ORDERED** this the 2nd day of March 2016.

> */s/ Katherine P. Nelson*
> **KATHERINE P. NELSON**
> **UNITED STATES MAGISTRATE JUDGE**

---

Such a defense asserts that the state claims have been substantively displaced by federal law … Complete preemption, on the other hand, is a doctrine distinct from ordinary preemption. Rather than constituting a defense, it is a narrowly drawn jurisdictional rule for assessing federal removal jurisdiction when a complaint purports to raise only state law claims." (emphasis added) (footnote omitted)).